UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| TIFFANY MURRAY,<br><br>　　　　Plaintiff,<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>　　　　Defendant. | Case No. 2:12-cv-00936-APG-NJK<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S APPLICATION FOR HEARING**<br><br>(Dkt. Nos. 24, 30) |

I.  **BACKGROUND**

On April 7, 2010, plaintiff Tiffany Murray ("Murray") was riding in the back seat of a car owned by her mother and apparently driven by her stepfather (the "Subject Vehicle"). A car driven by Margaret Needy ("Needy" or the "Tortfeasor") rear-ended the Subject Vehicle at a stoplight. The accident caused Murray to suffer injuries, although the parties dispute the nature and extent of those injuries because Murray had various pre-existing injuries from previous car accidents.

In relation to the April 7 accident, Murray received $100,000 from the Tortfeasor's bodily injury coverage (that policy's coverage limit); $100,000 in underinsured motorist ("UIM") benefits from the policy of the Subject Vehicle's driver (that policy's coverage limit); $5,000 in medical payments coverage ("MPC") from the policy of the Subject Vehicle's driver; and $5,000 in MPC from her own policy with State Farm Mutual Automobile Insurance Company ("State

Farm").[1] In sum, Murray has received $210,000 for her claimed bodily injuries in connection with the April 7 accident.

On April 30, 2012, Murray sued State Farm in Nevada state court, asserting three claims for relief: (1) breach of contract, for State Farm's refusal to pay any funds under the UIM provision in Murray's policy; (2) unfair trade practices under Nevada statute; and (3) breach of the covenant of good faith and fair dealing.[2] Murray claims damages for economic injury (medical costs), pain and suffering, emotional distress, and loss of future income. State Farm timely removed the case to this Court. Subsequently, the parties stipulated to the dismissal without prejudice of the extra-contractual claims.[3] Thus, only the breach of contract claim remains at issue. State Farm has moved for summary judgment on that claim.[4] Murray filed a rogue application for oral argument on the summary judgment motion.[5] For the reasons set forth below, the Court grants State Farm's motion and denies Murray's application.

## II. ANALYSIS

### A. Legal Standard — Summary Judgment

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[6] Material facts are those that may affect the outcome of the case.[7] A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable

---

[1] Murray has UIM coverage under State Farm Policy No. 52-2807-C18-28 (the "Policy"). (Dkt. No. 24-2 at 18–21.)

[2] (Dkt. No. 1 at 7.)

[3] (Dkt. No. 20.)

[4] (Dkt. No. 24.)

[5] (Dkt. No. 30.)

[6] FED. R. CIV. P. 56(a).

[7] See *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

jury to return a verdict for the nonmoving party.[8] "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor."[9] A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims."[10]

In determining summary judgment, a court applies a burden-shifting analysis.

> When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case.[11]

In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial.[12] If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence.[13]

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists.[14] To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the

---

[8] See id.

[9] Diaz v. Eagle Produce Ltd. P'ship, 521 F.3d 1201, 1207 (9th Cir. 2008) (citing United States v. Shumway, 199 F.3d 1093, 1103–04 (9th Cir. 1999)).

[10] Celotex Corp. v. Catrett, 477 U.S. 317, 323–24 (1986).

[11] C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc., 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

[12] See Celotex, 477 U.S. at 323–24.

[13] See Adickes v. S.H. Kress & Co., 398 U.S. 144, 159–60 (1970).

[14] See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

parties' differing versions of the truth at trial."[15] The nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data.[16] Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial.[17]

At summary judgment, a court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial.[18] The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor."[19] But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted.[20]

### B.   Legal Standard — Breach of Contract

Under Nevada law, a plaintiff in a breach of contract action must show (1) the existence of a valid contract; (2) a breach by the defendant; and (3) damage as a result of the breach.[21] The parties do not dispute the Policy's validity. The Policy's UIM clause provides: "We [State Farm] will pay compensatory damages for bodily injury an insured [Murray] is *legally entitled* to recover from the owner or driver of an uninsured motor vehicle." [22] [23]  In the UIM context, "[l]egal entitlement has been interpreted to mean that the insured must be able to establish fault on the part of the uninsured motorist which gives rise to the damages and to prove the extent of those damages."[24]

---

[15] *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

[16] *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

[17] *See Celotex*, 477 U.S. at 324.

[18] *See Anderson*, 477 U.S. at 249.

[19] *Id.* at 255.

[20] *See id.* at 249–50.

[21] *Saini v. Int'l Game Tech.*, 434 F. Supp. 2d 913, 919–20 (D. Nev. 2006) (citing *Richardson v. Jones*, 1 Nev. 405, 405 (1865)).

[22] "Uninsured motor vehicle" is defined to include underinsured motor vehicles. (Dkt. No. 24-2 at 18.)

[23] (Dkt. No. 24-2 at 19 (emphasis added).)

[24] *Pemberton v. Farmers Ins. Exch.*, 109 Nev. 789, 796 (1993) (internal quotation marks and citations omitted).

The parties do not dispute the terms or the scope of Murray's UIM coverage under the Policy. They agree that Murray cannot recover any UIM funds unless she establishes compensable damages above the $210,000 that she has already received. The crux of this dispute is whether Murray can prove such damages. State Farm contends that Murray will be unable to prove causation as a matter of law because injury causation must be proven via expert testimony at trial, Murray has not designated any experts, and the deadline to designate experts has passed.[25] Similarly, State Farm also contends that Murray will be incapable of establishing lost future income because that requires proof via expert testimony. Finally, State Farm asserts that, in spite of Murray's argument that her medical bills to date are over $120,000, her evidence of medical bills is only about $10,000 in chiropractic care.

Murray counters that her treating physicians, several of whom State Farm deposed, should be allowed to testify at trial as to her injuries and as to causation. She next argues that State Farm ignores her alleged $122,000 in medical bills. She also argues that damages for pain and suffering are impossible to quantify and are within the jury's province. Although not stated directly, Murray seems to argue that even though her evidence of medical bills is well below the requisite $210,000 damages amount, the uncertainty of a pain and suffering award creates a genuine issue of material fact as to whether her damages will exceed $210,000.

### C. The Damages Element

Murray is correct that "[d]amages for pain and suffering are peculiarly within the jury's province."[26] "The elements of pain and suffering are wholly subjective. It can hardly be denied that, because of their very nature, a determination of their monetary compensation falls peculiarly within the province of the jury[.]"[27] However, this does not mean that "pain and suffering" is a talismanic assertion that ensures passage through summary judgment. There must be a sufficient

---

[25] The deadline to designate experts for trial was February 13, 2013. (Dkt. No. 13, 16.)
[26] *Wyeth v. Rowatt*, 244 P.3d 765, 782 (Nev. 2010).
[27] *Stackiewicz v. Nissan Motor Corp. in U.S.A.*, 100 Nev. 443, 454–55 (1984).

evidentiary basis to support the desired amount of pain and suffering damages, and here that is lacking.[28]

Murray has provided the following evidence of past and estimated future medical expenses: (1) $9,462 for chiropractic care;[29] (2) $11,110 for care by Dr. Edson Erkulvrawatr, M.D.;[30] and (3) $2,500 for future chiropractic care.[31] This totals $23,072, which is barely more than ten percent of the requisite $210,000 in total damages that Murray must prove before she can recover any UIM benefits. Murray provides some evidence of additional past care, such as shoulder surgery by Dr. Nick Liu, D.O., and probable future care, such as discograms, surgery, and the installation of a pain pump and/or spinal stimulator. But Murray did not submit copies of bills or even any cost estimations by such care providers. The Court will not speculate as to the costs of these procedures. As set forth above, Murray cannot rely solely on conclusory allegations of medical costs that are unsupported by factual data; she has the burden to set forth specific facts to support her cost allegations.[32]

In light of Murray's substantiation of only $23,072 in medical costs, a reasonable jury viewing all inferences in Murray's favor could not conclude that damages for pain and suffering exceed $186,928.[33] Moreover, there is no economic or monetary basis for the Court to even guess as to what the damages could be for lost future income. On the scant evidence filed by Murray, jumping from $23,072 to $210,000 is a bridge too far.[34]

Furthermore, Murray has cited no cases in which a plaintiff survived summary judgment in similar circumstances—where the evidence of special damages was so low in relation to the

---

[28] See *Anderson*, 477 U.S. at 249–50.

[29] (Dkt. No. 26-4 at 8.)

[30] (Dkt. No. 27-1 at 5.)

[31] (Dkt. No. 26-5 at 9.)

[32] *Celotex*, 477 U.S. at 324; *Taylor*, 880 F.2d at 1045.

[33] See *Diaz*, 521 F.3d at 1207.

[34] See *id.*; cf. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that a claim must be "plausible on its face" to survive a motion to dismiss).

necessary total damages amount. Or more broadly even—where a jury's award for pain and suffering was about nine times greater than the special damages proven at trial.

State Farm met its burden by pointing to the absence of evidence to support Murray's claim of at least $210,000 in damages.[35] In response, by submitting only $23,072 in medical bills, Murray failed to meet her burden. The Court thus grants summary judgment in State Farm's favor.[36]

### D. Plaintiff's Application for Oral Argument

After filing her Opposition to State Farm's motion for summary judgment, Plaintiff filed an Application for Oral Argument.[37] This document is improper for several reasons. First, no rule permits the filing of such a document. Local Rule 78-2 provides: "All motions may, in the Court's discretion, be considered and decided with or without a hearing." Parties may request oral argument in their moving, responsive, or reply papers. Defendant exacerbated the situation by filing an unnecessary Opposition to this Application, creating additional work for an already over-burdened court.

Second, Plaintiff attempts to justify her request for a hearing by claiming that oral argument "will benefit and assist the Court in its resolution of these issues and the opportunity for the Plaintiff to present additional medical billing if necessary."[38] It is for the Court to decide what will benefit or assist it in deciding the issues. Parties should not wait until oral argument to explain or present their issues. Nor is oral argument the time or place to present additional evidence. Evidence and legal arguments are to be presented in the moving papers.

The Court sees no benefit in entertaining oral argument on the motion for summary judgment. Thus, Plaintiff's application is denied.

---

[35] *See Celotex*, 477 U.S. at 323–24.

[36] *See* FED. R. CIV. P. 56(a).

[37] (Dkt. No. 30.)

[38] (*Id.* at 2:13–15.)

### III. CONCLUSION

In accord with the above, the Court hereby ORDERS:

1. State Farm's motion for summary judgment (Dkt. No. 24) is GRANTED.
2. Murray's application for oral argument (Dkt. No. 30) is DENIED.

The Clerk of the Court is directed to enter Judgment in favor of State Farm.

DATED this 12th day of March, 2014.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE